IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re:<br>ROBERT RANDOLPH,<br><br>           Debtor.<br><br>David P. Leibowitz, not individually but<br>as Trustee for the Estate of<br>ROBERT RANDOLPH,<br><br>           Plaintiff,<br><br>           v.<br><br>ROBERT RANDOLPH,<br>           Defendant. | Case No. 17 B 33752<br><br>Honorable Jack B. Schmetterer<br>Chapter 7<br><br>Adv. No 18 A 00264 |

~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON TRUSTEE'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
ON COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE

This matter came to be heard on the Motion ("Motion") of Chapter 7 Trustee, David P. Leibowitz ("Trustee"), pursuant to Federal Rule of Civil Procedure 55(b)(2) (applicable herein by virtue of Bankruptcy Rule 7055) and Local Bankruptcy Rule 7055-2 for entry of default and for default judgment on the Trustee's Complaint Objecting to Debtor's Discharge pursuant to section 727(a)(6) of the Bankruptcy Code; and the Court having reviewed the motion and the declarations in support thereof and being otherwise fully advised in the premises;

**THE COURT FINDS:**

1. On November 10, 2017 ("Petition Date"), Debtor filed in this Court his voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2. The Trustee filed his Complaint to Deny Debtor's Discharge pursuant to §727(a)(6) of the Bankruptcy Code (the "Complaint") on July 24, 2018. He obtained the issuance of a summons that same day.

3. In accordance with Bankruptcy Rule 7004(b)(1) and (g), the Trustee served the Complaint, together with the Summons, on the Debtor and his bankruptcy counsel on July 24, 2018, via first-class United States mail, postage fully pre-paid.

4. Pursuant to Bankruptcy Rules 7012(a) and 9006(a), Debtor had thirty days after issuance of the Summons, i.e., to and including August 23, 2018, to answer or otherwise plead to the Complaint.

5. Debtor did not file an answer or other responsive pleading. Accordingly, on January 15, 2019, the Trustee filed a motion (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2), applicable herein by virtue of Bankruptcy Rule 7055, requesting entry of an order of default based on Debtor's failure to respond to the Complaint and a default judgment denying his discharge. Appended to the Motion was the Trustee's Declaration Regarding Military Service, certifying that Debtor is not currently on active duty in any branch of the armed forces of the United States. Also appended to the Motion was the Trustee's declaration concerning the filing and service of the summons and Complaint and Debtor's failure to answer, which also contained averments concerning the truth of the Complaint's allegations.

6. The factual allegations of the Complaint are deemed admitted by virtue of Debtors' default. *See* Fed.R.Civ.P. 8(b)(6).

7. As alleged in the Complaint, the Trustee filed a Motion for Turnover (dkt. 26) on April 19, 2018.

8. The Motion for Turnover demanded provision of Debtor's 1995 Mack Truck and Trailer, the non-exempt funds in Debtor's scheduled and unscheduled bank accounts, the sum of $6,500, that being money that was owed the Debtor as of the commencement of his bankruptcy case, which he in fact collected, and documentation and information about the Debtor's business.

9. On May 7, 2018, this Court entered an order (the "Turnover Order") granting the Motion for Turnover (dkt no. 28).

10. On May 7, 2018, this Court also set a hearing on status relating to the Debtor's compliance with the Turnover Order (see dkt. entry no. 31). This hearing was to be on May 15, 2018, but the Court continued the hearing to May 17, 2018.

11. On May 17, 2018, the Court entered an order (dkt no. 35) directing Robert Randolph to appear on May 24, 2018, and then and there advise the Court why he should not be held in contempt of the Turnover Order (the "Show Cause Hearing"). On May 24, 2018, the Court continued the Show Cause hearing to May 31, 2018.

12. On May 24, 2018, the Debtor provided the 1995 Mack Truck and Trailer to the Trustee's professionals.

13. At the continued Show Cause Hearing, on May 31, 2018, an Agreed Order was entered (dkt. 41). The Agreed Order provides that Robert Randolph shall pay to the Trustee total funds in the amount of $10,970.54, payable in installments of $500 per month before the last days of June and July, 2018, and $1,250 before the last day of each month thereafter until paid in full. The Agreed Order further provides that interest shall accrue on any unpaid balance at 10% per annum, that the Trustee may intercept the Debtor's future tax refunds until the unpaid balance is paid in full, and that in the event of a failure to make payment, the Debtor will consent to a waiver of his discharge.

14. As of the date the Trustee's Complaint was filed, i.e., July 24, 2018, the first payment had not been made.

15. Although that payment was subsequently made over a month late, Debtor has only made three additional payments, all of which were late. He has not made the payments that were due on October 31, November 30, 2018, and December 31, 2018 despite myriad follow-up requests.

16. Debtor has refused to comply with the Agreed Order entered on May 31, 2018.

17. Debtor has also refused to comply with the Turnover Order, entered on May 7, 2018. Debtor has refused to provide the documentation required by that order.

## CONCLUSIONS OF LAW

1. Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and is referred here by Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, by which the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a). Venue lies under 28 U.S.C. §§ 1408 and 1409. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O).

2. "Upon default, all well-pled facts in the complaint are deemed admitted." *In re Smith*, 280 B.R. 436, 441 (Bankr. N.D.Ill. 2002) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). However, entry of a default judgment does not automatically result after default. *Id.* (citing *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)). The grant of a motion for entry of a default judgment lies within the sound discretion of the trial court. *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990). Here, the plaintiff must show at least *prima facie* facts meeting the legal requirements for denial of discharge. *See, e.g., In re Liebl*, 434 B.R. 529, 536 (Bankr. N.D.Ill. 2010); *In re Zecevic*, 344 B.R. 572, 576 (Bankr. N.D.Ill. 2006).

3. Section 727(a)(6) of the Bankruptcy Code provides for the denial of discharge where "the debtor has refused, in the case – (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify."

4. In this case, despite numerous requests and follow-up calls by the Trustee's professionals, Debtor refuses to make the payments required by the Agreed Order or to comply with the terms of the Turnover Order.

5. Accordingly, Debtor's discharge will be denied under section 727(a)(6)(A) of the Bankruptcy Code.

6. A separate judgment order will be entered to that effect.

Date: 1/22/19 JAN 2 2 2019    Enter: _____
Honorable Jack B. Schmetterer
United States Bankruptcy Judge

Prepared By:

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC,
 f/d/b/a Lakelaw
53 W. Jackson Blvd., Suite 1115
Chicago, Illinois 60604
312.360.1501